# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OTC HOLDINGS CORPORATION, et al.,[1] | Case No. 10-12636 (BLS) |
| Debtors. | Jointly Administered |
| | Objection Deadline: February 9, 2011 at 12:00 p.m. (ET) |
| | Hearing Date: February 10, 2011 at 2:00 p.m. (ET) |

## MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE FILING UNDER SEAL OF THE EXIT FACILITY FEE LETTER RELATING TO THE DEBTORS' EXIT FACILITY

The debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the filing under seal of the fee letter (the "Exit Facility Fee Letter") in respect of the $50 million new revolving credit facility (the "Exit Facility") that the New Companies[2] will enter into on the Effective Date. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: OTC Holdings Corporation, a Delaware corporation (0174); Oriental Trading Company, Inc., a Delaware corporation (5603); OTC Investors Corporation, a Delaware corporation (0180); Fun Express, Inc., a Nebraska corporation (7942); and Oriental Trading Marketing, Inc., a Nebraska corporation (0923). The location of the Debtors' corporate headquarters and the service address for all the Debtors is 5455 South 90th Street, Omaha, Nebraska 68127.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Court's *Findings of Fact, Conclusions of Law and Order Confirming Debtors' Fifth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated December 16, 2010 [Docket No. 435] (the "Confirmation Order").

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is section 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## BACKGROUND TO THE MOTION

2. The Confirmation Order requires the Debtors to submit to the Court and deliver to (1) counsel to the Unsecured Creditors' Committee, (2) the U.S. Trustee, (3) counsel to the First Lien Agent and (4) counsel to the Second Lien Agent, on a confidential basis (with access restricted for clauses (1), (3) and (4) to such counsel and the financial advisors to such parties), by hand delivery or overnight courier, a copy of the Exit Facility Fee Letter. Pursuant to the Confirmation Order, contemporaneously with this Motion, the Debtors are filing with the Court and serving on the Notice Parties, by hand delivery or overnight courier, (i) the *Certification of the Debtors Regarding the Exit Facility* certifying that nothing in the Exit Facility Documents or the Exit Facility Fee Letter modifies the Plan in a manner that adversely changes the treatment of the Claim of any Holder and (ii) a copy of the loan agreement evidencing the Exit Facility substantially in its final form.

## RELIEF REQUESTED

8. Pursuant to the terms of the Exit Facility Fee Letter, the Debtors have agreed to keep the terms of the Exit Facility Fee Letter confidential. Accordingly, the Debtors respectfully request entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule

9018-1(b), authorizing the Debtors to file the Exit Facility Fee Letter under seal. The Debtors will disclose the Exit Facility Fee Letter on a confidential basis to counsel to the Unsecured Creditors' Committee, the U.S. Trustee, counsel to the First Lien Agent and counsel to the Second Lien Agent.

## BASIS FOR RELIEF

9. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Exit Facility Fee Letter under seal. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (2010).

10. Bankruptcy Rule 9018 sets forth the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, as follows:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018 (2010).

11. Once the Court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Court, "the court is required to protect a requesting interested party and has no

discretion to deny the application. <u>Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d 24, 27 (2d Cir. 1994). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See <u>In re Global Crossing</u>, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (finding the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Courts have also stated that commercial information need not rise to the level of a trade secret in order to be protected under section 107(b) of the Bankruptcy Code. See <u>Orion</u>, 21 F.3d at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

12. The Debtors submit that sufficient cause exists for this Court to grant the relief requested herein. The Debtors are informed that the Exit Facility Fee Letter contains certain terms that the non-Debtor counterparties to the Exit Facility Fee Letter consider to be proprietary and confidential. For this reason, the Debtors believe that the Exit Facility Fee Letter contains commercial information that is entitled to protection under section 107(b) of the Bankruptcy Code. More importantly, maintaining the confidential nature of the Exit Facility Fee Letter is an essential condition to the Debtors' ability to obtain the Exit Facility. For these reasons, the Debtors request that the Court grant the relief requested in this Motion.

## NOTICE

13. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) the Unsecured Creditors' Committee; (iii) the attorneys for JPMorgan Chase Bank, N.A., as the First Lien Agent and the DIP Agent; (iv) the attorneys for Wilmington Trust FSB, as the Second

Lien Agent; (v) the attorneys for Wilmington Trust FSB, as the agent for the Mezzanine Lenders; and (vi) those parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit A, (a) authorizing the Debtors to file the Exit Facility Fee Letter under seal; and (b) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
February 4, 2011

/s/ Kenneth J. Enos
Joel A. Waite (No. 2925)
Kenneth J. Enos (No. 4544)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

– and –

Richard F. Hahn
My Chi To
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

*ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION*